UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 12-22873

IN RE:

    Rafael Corrales-Yunez and
    Dolores Maria Corrales
    Debtor
    _____/

TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF HER
OBJECTION LATE CLAIM #3 FILED BY GREAT AMERICA LEASING CORP
(Late Proof of Claim, and Laches)

    Nancy N. Herkert, Esq, Standing Chapter 13 Trustee, files this Memorandum of Law in Support of her Objection to Claim #3 and states as follows:

    1. The debtor filed his petition on November 1, 2011. The clerk of the court set a bar date of May 16, 2012.

    2. GREAT AMERICA LEASING CORP ("Creditor") filed its proof of claim #3 on February 8, 2013 which is after the bar date.

**Latches**

    The Creditor did not timely act to assert its claim as the creditor waited over one year after the petition was filed to assert a claim.

**Late filed proof of claim**

    The filing of a proof of claim in Chapter 13 is governed by Federal Rules of Bankruptcy Procedure (Rule) 3002. An unsecured creditor must file a timely proof of claim to hold an allowed unsecured claim pursuant to Rule 3002(a). In addition, Rule 3002(c) requires that proof of claim must be filed not later than 90 days after the first date set for the meeting of creditors. These Rules do provide for five (5) specific exceptions, none of which apply in this case. Rule 9006(b)(3) specifically limits the conditions under which the courts may enlarge the time for filing a proof of claim to those five specific exceptions listed in Rules 3002(c). Accordingly, the Court is unable to extend the bar date pursuant to the Rules.

In fact, when the Supreme Court found excusable neglect for the late filing of a proof of claim in a Chapter 11, it excluded Chapter 13 and Chapter 7 from its findings. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123 L.Ed.2d 74, (U.S.Tenn. 1993), Footnote 4 states:

> "The time-computation and time-extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). See Rule 9006(b)(3);  By contrast, Rule 9006(b) does not make a similar exception for Rule 3003(c), which, as noted earlier, establishes the time requirements for proofs of claim in Chapter 11 cases. Consequently, Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123 L.Ed.2d 74, (U.S.Tenn. 1993)

The Rules governing proof of claims in Chapter 7 are the same as those governing in Chapter 13. Consequently, the Supreme Court's analysis would be applied in a Chapter 13. Just as in a Chapter 7 case, a Chapter 13 case has a finite period of existence. In re Diaz, 11-07033, 2013 WL 209153 (Bankr. D.P.R. Jan. 17, 2013); In re Daniels, 466 B.R. 214 (Bankr. S.D.N.Y. 2011);

If a unsecured creditor filed a proof of claim after the distribution of funds has begun to creditors, it would create an administrative burden on the Trustee to re-calculate the pro rata percentage due to each creditor. Furthermore, the Trustee may be required to seek a return of funds from creditors already paid or to seek an increase in the debtor's payments to pay the late claim's pro rata share.

**Unscheduled Creditor is barred from a late claim**

Several courts have followed the Supreme Court's reasoning and held that even an unscheduled creditor may not file a late proof of claim in a Chapter 13 case. In re Kristiniak, 208 B.R. 132 (Bankr. E.D. Pa. 1997); `In re McNeely,` 309 B.R. 711, 712 (Bankr. M.D. Pa. 2004); In re Miranda, 269 BR 737, 740-42 (Bkrcty.S.D.Tex., 2001) In re: McQueen, 228 BR 408, 410-411 (Bkrcty.M.D.Tenn, 1998) In re: Guillatt 169 BR 385 (M.D.Tenn, 1994).

WHEREFORE, the Trustee requests that this Court strike and disallow Claim #3 as it was filed after the bar date.

I hereby certify that a true and correct copy of the foregoing memorandum of law in support of the objection to claim was served by NEF to Michael S Waskiewicz, Esq

> Submitted by:
> NANCY N. HERKERT, ESQ
> CHAPTER 13 TRUSTEE
> FLORIDA BAR NO.: 441856
> AMY E. CARRINGTON
> FLORIDA BAR NO: 0101877
> P.O. BOX 279806
> MIRAMAR, FL 33027
> (954) 443-4402