UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 12-22873

IN RE:

Rafael Corrales-Yunez and Dolores Maria Corrales
Debtor

_____/

TRUSTEE'S AMENDED MEMORANDUM OF LAW AND
OBJECTION TO MOTION TO ALLOW LATE FILED PROOF OF CLAIM
(Late Proof of Claim, and Laches)

Nancy N. Herkert, Esq, Standing Chapter 13 Trustee, files this Memorandum of Law and
Objection to Motion to Allow Late Filed Proof of Claim and states as follows:

**Latches**

The Creditor did not timely act to assert its claim as the creditor waited over one year
after the petition was filed to assert a claim.

**Late filed proof of claim**

The filing of a proof of claim in Chapter 13 is governed by Federal Rules of Bankruptcy
Procedure (Rule) 3002.  An unsecured creditor must file a timely proof of claim to hold an
allowed unsecured claim pursuant to Rule 3002(a).  In addition, Rule 3002(c) requires that proof
of claim must be filed not later than 90 days after the first date set for the meeting of creditors.
These Rules do provide for five (5) specific exceptions, none of which apply in this case. Rule
9006(b)(3) specifically limits the conditions under which the courts may enlarge the time for
filing a proof of claim to those five specific exceptions listed in Rules 3002(c).  Accordingly, the
Court is unable to extend the bar date pursuant to the Rules.

In fact, when the Supreme Court found excusable neglect for the late filing of a proof of
claim in a Chapter 11, it excluded Chapter 13 and Chapter 7 from its findings.  Pioneer Inv.
Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123