UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:    CASE NO. 12-22873-AJC

RAFAEL CORRALES-YUNEZ and    CHAPTER 13
DOLORES MARIA CORRALES,

    Debtors.

_____/

## IBERIABANK'S RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM

IBERIABANK, as assignee of the FDIC as Receiver for Century Bank, F.S.B. ("IBERIABANK"), a secured creditors of Debtors, Rafael Corrales-Yunez and Dolores Maria Corrales (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this Response to Trustee's Objection to Claim (D.E. 89) ("Trustee's Objection"), and in support thereof, states as follows:

    1.    On May 25, 2012 (the "Petition Date"), the Debtors filed a voluntary Chapter 13 petition in the United States Bankruptcy Court, Southern District of Florida, Miami, Division.

    2.    On June 28, the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Notice") was sent to all listed creditors, not including IBERIABANK, which stated that the deadline to file a proof of claim for all creditors (except a governmental unit) was October 31, 2012.

    3.    The Debtors listed Century Bank, FSB ("Century Bank") with an address of 1680 Fruitville Road, Sarasota, FL which listed the incorrect creditor and provided an improper mailing address for IBERIABANK.

    4.    The Debtors were fully aware that IBERIABANK was the successor in interest to Century Bank as they had knowledge of the Final Default Judgment obtained by IBERIABANK

29156736 v1

in the Case No. 2011-R-718950 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida dated September 15, 2011 and recorded in Official Records Book 27871 page 690 et seq., of the current public records of Miami-Dade County (the "Judgment"). A true and correct copy of the Judgment is attached hereto as <u>Exhibit A</u>.

5. On June 29, 2012, the Debtors filed their Motion to Value and Determine Secured Status of Lien on Real Property Held by Century Bank (the "Motion to Value") and served Century Bank of Massachusetts in care of Peter Van Lindgen, President, 400 Mystic Avenue, Medford, MA 02155 via certified mail. IBERIABANK had no knowledge and never received notice of the Motion to Value. Therefore, IBERIABANK was denied an opportunity to respond.

6. The Court then entered an Order Granting Motion to Value and Determine Secured Status of Lien on Real Property Held by Century Bank after no response was filed by Century Bank (D.E. 28) (the "Order"). The Order allows for a bifurcated claim with a secured claim in the amount of $5,000 and the unsecured portion as a general unsecured claim.

7. On October 9, 2012, the Debtors filed their Amended Chapter 13 Plan (D.E. 52) (the "Plan") which provided for payment to Century Bank in the amount of $5,000 with step payments of $10.00 per month in month one (1) through six (6) of the plan and then increasing to $104.37 in months seven (7) through sixty (60) of the Plan on Century Bank's proposed secured claim.

8. The Court then entered an order Confirming First Amended Chapter 13 Plan Subject to Modification of the First Mortgage and Setting Status Hearing (D.E. 53) (the "Confirmation Order").

9.     IBERIABANK filed a Motion to Allow Late filed Claim (D.E. 63) (the "Motion") on March 20, 2013.  A hearing was set May 21, 2013, however no disposition of the Motion was entered.

10.    IBERIABANK filed its Proof of Claim #14-1 on March 27, 2013 and then it's Amended Claim #4-2 on June 24, 2015 with the Court (collectively, the "IBERIABANK Claim").

## RELIEF REQUESTED

11.    By way of this Response, IBERIABANK seeks the entry of an order allowing the IBERIABANK Claim as timely filed in the Debtors' bankruptcy case.

12.    IBERIABANK only came to know of the Debtors' bankruptcy filing after all of these events occurred in the bankruptcy.  Once IBERIABANK learned of the bankruptcy they retained the services of the undersigned bankruptcy counsel to file this Motion.  The lack of notice provides the basis for failing to file the IBERIABANK Claim timely.

13.    IBERIABANK did not believe that the delay was significant considering that IBERIABANK is a secured creditor of the Debtors and is listed in the Debtors' schedules and Plan, albeit incorrectly.  Given the foregoing circumstances, the length of IBERIABANK's delay in filing the IBERIABANK Claim was reasonable.

14.    The Court should also consider that the allowance of the IBERIABANK Claim will neither materially prejudice the Debtors, nor impact their bankruptcy case.  There is no doubt that the Debtors have been aware of the debt owed to IBERIABANK, as the same is reflected in its schedules and confirmed Plan.  Moreover, the Court should factor in that the confirmed Plan provides for payment of IBERIABANK's secured claim and IBERIABANK would only seek distribution on its general unsecured claim going forward from the date it filed the IBERIABANK Claim.

15.  For the reasons set forth above, neither IBERIABANK nor the Debtors would have been prejudiced by the granting of this motion and the ends of justice would be served thereby.

WHEREFORE, IBERIABANK respectfully requests that this Court enter an order: (i) overruling the Trustee's Objection to Claim; (ii) allowing the IBERIABANK Claim as timely filed claim; and (iii) providing for such other and further relief as this Court deems appropriate under the circumstances.

Dated this 17th day of February, 2017.

**BURR & FORMAN LLP**

*/s/ Michael S. Waskiewicz*
Michael S. Waskiewicz
Florida Bar No. 0693642
50 N. Laura Street, Suite 3000
Jacksonville, Florida 32202
(904) 232-7200 (telephone)
(904) 232-7201 (facsimile)
mwaskiewicz@burr.com

Attorneys for IBERIABANK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served on this 17th day of February, 2017 either by Electronic Transmission or by United States First Class Mail Postage Prepaid to the following: **Debtors:** Rafael Corrales-Yunez and Dolores Maria Corrales, 7655 SW 134th Street, Miami, FL  33156; **Attorney for Debtors:** James A. Poe, Esq., 9500 S. Dadeland Blvd. #610, Miami, FL  33156; and **Trustee:** Nancy K. Neidich, Esq., P.O. Box 279806, Miramar, FL  33027-9806.

/s/ Michael S. Waskiewicz
Attorney

03/19/12 13:13:45 Temp- AD

CFN 2011R071895Q
OR Bk 27871 Pgs 0690 - 691; (2pgs)
RECORDED 10/25/2011 12:08:24
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

IBERIABANK, a Louisiana
banking corporation, successor in
interest to CENTURY BANK,

Plaintiff,

vs.

RAFAEL CORRALES-YUNEZ,

Defendant.
_____/

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER_____12_____
THE COURT DISMISSES THIS CASE AGAINST
ANY PARTY NOT LISTED IN THIS FINAL ORDER
OR PREVIOUS ORDER(S). THIS CASE IS CLOSED
AS TO ALL PARTIES.
Judge's Initials _____

## FINAL DEFAULT JUDGMENT

This matter having come before the Court on Plaintiff, IBERIABANK'S, Motion for Default Final Judgment, the Court having reviewed the file, and being otherwise duly advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Final Default Judgment is GRANTED.

2. Plaintiff, IBERIABANK, 1741 Main Street, 2nd Floor, Sarasota, FL 34236 is due from Rafael Corrales-Yunez:

| | | |
|---|---|---:|
| a) | Principal | $30,000.00 |
| b) | Interest from 4/01/10 – 9/13/11 (per diem $7.29166) | $ 3,828.12 |
| c) | Late Charges | $ 1,598.46 |
| d) | RIMS Fee | $ 7.00 |
| e) | Escrow Balance | $ 293.13 |
| f) | Filing fee | $ 411.00 |
| g) | Service of Process | $ 65.00 |
| h) | Attorney's Fees: Findings as to reasonable Number of hours 5.5 Findings as to reasonable Hourly rate: $190.90 | $ 1,250.00 |
| | TOTAL | $37,452.71 |

EXHIBIT "A"

BK 27834 Pg 4862 CFN 20110638283 09/22/2011 11:28:41 Pg 1 of 2 Mia-Dade Cty, FL

03/19/12 13:13:46 Temp- AD

OR BK 27871 PG 0691
LAST PAGE

that shall bear interest at the rate of 6% a year.

3. Consistent herewith, Judgment is hereby entered in favor of Plaintiff IBERIABANK, (1741 Main Street, 2nd Floor, Sarasota, FL 34236) against Defendant, RAFAEL CORRALES-YUNEZ for the sum of $37,452.71, that shall bear interest at the rate of 6% per year, until paid.

4. It is further ORDERED and ADJUDGED that the Judgment debtors shall complete, under oath, Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) including all required attachments and serve it on the Judgment creditor's attorney within forty-five days from the date of this Final Judgment, unless the Final Judgment is satisfied or post Judgment discovery is stayed.

5. Jurisdiction of this case is retained to enter further Orders that are proper to compel the Judgment debtors to complete Form 1.977, including all required attachments, and serve it on the Judgment creditor's attorney.

FOR ALL OF WHICH LET EXECUTION ISSUE FORTHWITH.

DONE AND ORDERED in Chambers of Miami-Dade County, Florida this _15_ day of September, 2011.

Circuit Court Judge
SPENCER EIG
CIRCUIT COURT JUDGE

Copies furnished to:
M. Brian Cheffer, Esq., DeBoest, Stockman, Decker, Hagan, Cheffer & Webb Martin, P.A.; 1415 Hendry Street, Fort Myers, FL 33901
Rafael Corrales-Yunez, 7655 SW 134th Street, Pinecrest, FL 33156



STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I hereby certify that the foregoing is a true and correct copy of the original on file in this office.
OCT 13 2011
HARVEY RUVIN, CLERK

Bk 27834 Pg 4863 CFN 20110638283 09/22/2011 11:28:41 Pg 2 of 2 Mia-Dade Cty, FL